FILED
2008 Oct-28 AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION**

**NATIONWIDE MUTUAL INSURANCE COMPANY AND NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY,**

**Plaintiffs,**

**v.** **CV 07-PT-861-M**

**MICHAEL W. DENDY, DENDY MECHANICAL CONTRACTORS, INC., AND ELI HOOD**

**Defendants.**

## MEMORANDUM OPINION

This cause comes on to be heard on the Plaintiffs' Motion for Summary Judgment filed on December 20, 2007.[1] At the pretrial conference held on October 23, 2008, the attorney for Eli Hood (Hood) stated that the individual defendant Michael W. Dendy (Dendy) would be dismissed from the underlying state case. The plaintiffs here stated that if said Dendy was so dismissed, he would be dismissed from this case as well.

The parties have acknowledged that the only present issue before this court is whether defendant Dendy Mechanical Contractors, Inc. (Dendy Mechanical) notified the plaintiffs "as soon as practicable" of the subject accident whereby Hood was injured.[2] The Alabama law with

[1]The parties requested several delays based on some thought that the defendants other than Hood would be dismissed from the underlying state case.

[2]The policy states that such notice is a duty of the insureds. While the policy provisions provided to this court do not so state, the court assumes that the giving of such notice "as soon as practicable" is a condition precedent to payment under the policy. Compare, however, *CIE Service Corporation, infra,* 460 So.2d at 1246. *Also see Southern Guaranty Ins. Co. v. Thomas,* 334 So.2d 879, 883 (Ala. 1976), citing *American Liberty Ins. Co. v. Soules,* 288 Ala. 163, 171, 258 So.2d 872, 879 (1972).

regard to such an issue is relatively clear as to statement, but not so clear as to application.

The Alabama law is well stated in *CIE Service Corporation v. Smith*, 460 So.2d 1244 (Ala. 1984) where the court stated:

> Proper notice is a prerequisite to coverage under the policy and this Court has previously addressed the sufficiency of notice, the issue here, *where it was stated in the policy as being a condition precedent to coverage under the policy*. In *Pan American Fire & Cas. Co. v. DeKalb-Cherokee Counties Gas District*, 289 Ala. 206, 266 So.2d 763 (1972), we held:
>
> "A requirement in a policy for prompt or immediate notice, or that notice must be given, 'immediately,' 'at once,' 'forthwith,' 'as soon as practicable,' or 'as soon as possible,' generally means that the notice must be given within a reasonable time under the circumstances of the case. The exact phraseology used apparently makes very little, or any, difference, and it is well settled that none of these expressions require an instantaneous notice, but rather call for notice to be given within reasonable dispatch and *within reasonable time in view of all the facts and circumstances of each particular case. In determining the reasonableness of a delay in giving the required notice, the facts and circumstances of each particular case must be considered*." (Emphasis added.)
>
> 289 Ala. at 214, 266 So.2d at 771. *See also, United States Fidelity and Guaranty Co. v. Bonitz Insulation Co.*, 424 So.2d 569 (Ala.1982); *Pinson Truck Equipment Co. v. Gulf American Fire and Casualty Co.*, 388 So.2d 955 (Ala.1980).
>
> [1] In making this determination, the only factors to be taken into consideration are the length of the delay and the reasons therefor. *United States Fidelity*, *supra*, at 572. *The question whether the delay is reasonable is a question of fact.*
>
> (Emphasis added.) 460 So.2d at 1246.
>
> . . . .
>
> In *Pan American Fire & Cas. Co. v. DeKalb-Cherokee Counties Gas Dist.*, 289 Ala. 206, 266 So.2d 763 (1972), this Court held that "delay [in giving notice] is excusable in the case of an accident [occurrence] ... which furnishes no ground for insured, acting as a reasonable and

> prudent man, to believe at the time that a claim for damages will arise or that the injury is one insured against." 289 Ala. at 214, 266 So.2d at 771, quoting 45 C.J.S. Insurance § 1056. This Court has held that the test is not a subjective one measured merely by the good faith of the insured, but an objective one.
>
> 460 So.2d at 1247.

The parties do not dispute that the almost two years' delay in giving notice before the underlying state suit was filed was a substantial delay which results in Dendy Mechanical having to give a reasonable excuse for the delay.[3] As stated in *CIE Service Corporation,* the ultimate issue to be decided with reference to this motion is whether the notice was given as soon as practicable *as a matter of law*, or whether that issue is a question of fact for trial.

There are some undisputed facts with regard to this ultimate issue. These include:

(1) The building where the accident occurred was not owned by Dendy Mechanical. It was owned by Jasper Plaza, LLC. Michael W. Dendy was the substantial stockholder of Dendy Mechanical and the sole member of Jasper Plaza, LLC.

(2) Dendy Mechanical was aware of the subject accident soon after it occurred in February 2005.

(3) Dendy Mechanical did not give notice of the accident to plaintiffs until January 2007 after suit was filed in state court.

Issues of fact which may or may not be disputed by the plaintiffs but which must be considered favorably to Dendy Mechanical include:

(1) While it is clear that Dendy was actively involved in matters relating to the contract with Willoughby Roofing, etc., and that Willoughby may have considered itself as having a

---

[3]There is no dispute that timely notice was given of the state suit.

contract with Dendy Mechanical, there is also a reasonable inference that Dendy considered that he was acting for Jasper Plaza, LLC. Most, if not all, of the documents which may suggest that Dendy Mechanical was the contracting party were prepared by Willoughby and acquiesced in by Dendy. The overlap in ownership lends itself to confusion. The Release of Liens, etc., signed by Willoughby, incorrectly state the name of the owner.

(2) In a letter dated November 22, 2004, Willoughby refers to "insurance certificates." While there is no documentary evidence of any such certificates, Dendy has testified that Willoughby was to have Jasper Plaza, LLC included as an insured under Willoughby's liability policy. There is documentary evidence that "Mike Dendy; Jasper Plaza LLC are Additional Insureds" under Willoughby's commercial general liability policy with regard to a later different project in Jasper, Alabama.

(3) While Dendy says that Jasper Plaza, LLC entered into a written agreement with Willoughby, there is no documentary evidence of such a written agreement. Dendy has testified that there was such a contract.

(4) Dendy has testified that he understood that the claim was being handled as a workman's compensation claim. He has testified that he thought that neither he nor Dendy Mechanical has any responsibility to Hood.

(5) Dendy Mechanical had no notice of an actual claim against it until suit was filed.

Court's Conclusion

The plaintiffs' evidence certainly creates a question of fact, but the court cannot determine the issue as a matter of law. In *USF&G v. Benitz Insulation Co. of Alabama*, 442 So.2d 569, 572-573 (Ala. 1982), the court stated:

> "Resolution of this question presents a question of fact to the trier of fact - the trial judge in this instance. If the insured offers evidence of mitigating circumstances, then conflicting inferences may be drawn as to the reasonableness of the delay, and the question becomes one for the trier of fact. *Southern Guaranty Ins. Co. v. Thomas, supra* at 882." *United States Fidelity & Guaranty v. Bonitz Insulation Co. of Ala*., 442 So.2d 569, 572-573 (Ala. 1982).

Further,

> Hunter Price, president of Bonitz, testified that it was not unusual for leaks of this type to occur, that he was unaware of the extent of the problem, and that he thought Vulcan Roofing Company was taking care of the problem. We find this testimony sufficient to raise conflicting inferences as to the reasonableness of the delay."
>
> 442 So.2d at 573.

Although the court does not reach the issue on the merits, it is at least questionable as to whether Dendy Mechanical can be held liable in the underlying state case merely because it was involved with the Willoughby contract. It was reasonable for Dendy Mechanical to believe that it could not be liable. The mere fact that Willoughby addressed correspondence, bills, etc. to Dendy Mechanical did not make Dendy Mechanical the owner nor the contracting party. Inconsistent positions taken by Dendy Mechanical with reference to its participation with Willoughby may be credibility issues at trial.

The motion will be denied.[4]

This the 28th day of October, 2008.

---

[4]*Also see U.S.F. & G. v. Baldwin County Home Assn.,* 770 So.2d 72 (Ala. 2000).

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**